UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **JAMES W. WILKINS JR., #379389,** § § | |
| **Plaintiff,** § § § | SA-25-CV-00456-XR |
| v. § § | |
| **SERGEANT J. RODRIGUEZ, DR. CESAR GARCIA, and SHERIFF JAVIER SALAZAR,** § § § § § | |
| **Defendants.** § | |

### ORDER REGARDING APPLICATION TO PROCEED
### *IN FORMA PAUPERIS* ON APPEAL

Before the Court is *pro se* Plaintiff James W. Wilkins's Application to Proceed *In Forma Pauperis* ("IFP") on Appeal pursuant to 28 U.S.C. § 1915. (ECF No. 8). Wilkins has filed a notice of appeal, seeking to appeal from this Court's April 29, 2025 Order of Dismissal and Final Judgment, which was based on Wilkins's three–strike status. (ECF Nos. 4–6). Upon review, the Court orders Wilkins's motion **DENIED**. (ECF No. 8).

#### APPLICABLE LAW

Under the Prison Litigation Reform Act, a prisoner cannot bring a new civil action *or appeal a judgment in a civil action* IFP if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). The only exception to the three–strike rule is if the prisoner is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

To meet the imminent danger requirement, "the 'threat or prison condition [must be] real and proximate.'" *Turner v. S. Health Partners*, No. 14-CV-1667-B, 2014 WL 2940580, at *1 (N.D.

Tex. June 27, 2014) (citing *Valdez v. Bush*, No. 08-CV-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (internal citation omitted)). Because § 1915(g) requires a showing of "imminent" danger, allegations of past harm do not suffice; the harm alleged must be about to occur or occurring at the time the complaint is filed. *Id.* Further, "general allegations not grounded in specific facts indicating serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Miller v. Univ. of Tex. Med. Branch*, No. 16-CV-436, 2016 WL 3267346, at *2 (E.D. Tex. Jun. 15, 2016) (citations omitted). Section 1915(g) requires that a prisoner allege specific facts showing he is under imminent danger of serious physical injury. *Turner*, 2014 WL 2940580, at *1 (citing *Valdez*, 2008 WL 4710808, at *1).

## APPLICATION

While incarcerated, Wilkins has filed three civil actions that have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *See Wilkins v. Carter*, 5:05-CV-01087-XR (W.D. Tex. Dec. 14, 2005) (dism'd as frivolous and for failure to state claim); *Wilkins v. Nueces Cnty., Tex.*, 2:05-CV-00099 (S.D. Tex. Apr. 8, 2005) (dism'd as frivolous); *Wilkins v. Heredia*, 5:04-CV-01192-OLG (W.D. Tex. Feb. 17, 2005) (dism'd as frivolous).) Therefore, based on the three–strikes rule, Wilkins may not proceed on appeal IFP unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Wilkins's IFP application does not include any factual allegations showing he is in imminent danger of serious physical injury. (ECF No. 8). Wilkins claims he is in imminent danger because he has been "kidnapped" and is being illegally detained. (*Id.*). Wilkins's "kidnapping" allegation is based on his confinement in the Bexar County Adult Detention Center ("BCADC"). (*Id.*). Wilkins is confined in the BCADC based on his arrests for two separate theft offenses; he

2

has not been "kidnapped." *See* Register of Actions - 2024CR010450 (last visited June 17, 2025); Register of Actions - 2025CR003382 (same); Jail View (same). Additionally, he is currently under an agreed order of incompetence. *See* Register of Actions - 2024CR010450; Register of Actions - 2025CR003382. Thus, the Court finds Wilkins has failed to meet the standard required to allow him to proceed IFP on appeal. 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED** that Wilkins application to proceed IFP on appeal (ECF No. 8) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 18th day of June, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE